IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JANICE KUANG CAPENER; LUO JUN; SUNHILLS INTERNATIONAL, LLC; and ZHEJIANG HONGHEN IRRIGATION EQUIPMENT CO., LTD.; <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING JANICE KUANG CAPENER'S MOTION TO STAY DEPOSITION IN CIVIL PROCEEDING** <br><br> Case No. 1:12-cr-00027-DB-EJF <br><br> District Judge Dee Benson <br><br> Magistrate Judge Evelyn J. Furse |

The Court DENIES Janice Capener's Motion to Stay Deposition in Civil Proceeding (Docket No. 94). Ms. Capener filed her Motion on February 1, 2013 requesting the Court stay her deposition in a related civil case, *Orbit Irrigation Prods. v. Sunhills Int'l, LLC*, No. 1:10-cv-00113-RJS-EJF, (hereinafter *Orbit*), until after completion of trial in this case, currently set for July 2013. She did not file a request to expedite briefing or indicate the date of the deposition at issue or the date for which the plaintiffs noticed the deposition or the position of opposing counsel. On February 6, 2013, this Court was informed that the plaintiffs in the civil matter had noticed the deposition for February 7, 2013, and Ms. Capener needed a decision on the matter on February 6, 2013.

Under DUCrimR 12-1(b)(1)(C) opposing parties have fourteen days after service to file their opposition to the Motion to Stay. To render a decision in this matter on February 6, 2013, the Court had to do so without the benefit of briefing from opposing counsel or the counsel impacted by the Motion in the civil case. While the Court prefers not to rule in the absence of

1

complete briefing,[1] in light of the impending nature of the deposition, the Court denied the Motion on February 6, 2013 for the reasons set forth below.

**Background**

The civil case at issue began approximately two years prior to this criminal case, in July, 2010. While the original complaint did not name Ms. Capener as a party, it did name her company Sunhills International, LLC ("Sunhills"). The United States filed an indictment against Ms. Capener on April 25, 2012. By the time of the indictment, Ms. Capener had already testified in a state court case, *Orbit Irrigation Prods. v. Capener*, No. 100700404 (2d Dist. Utah), about related issues as a Utah Rule of Civil Procedure 30(b)(6) witness for Sunhills. (*Orbit,* Docket No. 65-1, 30(b)(6) Dep. Trans., July 20, 2011). While she testified on behalf of Sunhills, much of Ms. Capener's testimony related to herself, and her counsel noted that some of the questions exceeded the scope of the deposition notice but allowed Ms. Capener to "go ahead and answer to [he]r personal knowledge." (*Orbit,* Docket No. 65-1, 30(b)(6) Dep. Trans. at 37:12-14, 40:10-12; 58:20-22.) Ms. Capener further testified that as of July 20, 2011, the date of the deposition, she owned Sunhills, and it had no employees. (*Id.* at 41:9-11.) Ms. Capener testified separately

---

[1] Ms. Capener failed to pursue the standard procedural channels to obtain relief from the deposition. Ms. Capener did not file for relief in the civil case, where the opposing party would have the direct ability to respond. Under DUCivR 26-2(b) where a party files a motion for protective order to prevent the taking of deposition "by the third business day after service of the notice of deposition" the court will deem the deposition stayed. "Motions filed after the third business day will not result in an automatic stay." DUCivR 26-2(b). Ms. Capener did not avail herself of these provisions of the local civil rules, which would have allowed time for complete briefing. While the Court had denied a motion for a complete stay of that case previously, as stated in this Motion: "The scope of this Motion is much more limited and specific." (Docket No. 94 at 6.) Furthermore, after filing for a stay in the criminal case, Ms. Capener failed to request expedited briefing on the matter, which would have provided yet another avenue for complete briefing on the Motion within the period presented. Indeed, the Motion itself did not even indicate the date set for the deposition. Thus, the movant placed both the Court and the opposing party at a disadvantage by creating the need for an immediate ruling without the benefit of full briefing and oral argument.

on her own behalf that day as well. (*Orbit,* Docket No. 65-6, Janice Capener Dep. Trans.) She also provided two declarations and sworn discovery responses on her own behalf. (*Orbit,* Docket No. 65-16 & 65-18, Janice Capener Decls., Docket No. 65-17, Interrogatory Responses.) While such testimony does not waive her Fifth Amendment privilege in the federal civil case, opposing counsel in the civil case can use those statements at trial because they constitute statements of a party opponent. *See* Fed. R. of Evid. 801(2). Further, Ms. Capener's counsel will have the opportunity to offer more of her testimony in response if needed under the rule of completeness. *See* Fed. R. of Evid. 106.

### Motion to Stay

No defendant has an "absolute right not to be forced to choose between testifying in a civil matter and asserting h[er] Fifth Amendment privilege." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080, (10th Cir. 2009) (citing *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995)). To demonstrate the need for a stay, the moving party must show substantial prejudice to a party's rights. *Id.* In determining whether to grant a stay, the Court considers a combination of six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-CV-605, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006) (unpublished) (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

### A. Overlap of the Issues

Issues in both the criminal and civil case significantly overlap. The civil case against Ms. Capener alleges patent and trademark infringement through Ms. Capener's access to proprietary information as Orbit Irrigation Products' ("Orbit's") employee. (*Orbit,* Docket No. 38.) The criminal case similarly alleges that Ms. Capener and Sunhills stole Orbit's trade secrets through Ms. Capener's access to the same information during her employment with Orbit. (Docket No. 1.) While "self-incrimination is more likely if there is a significant overlap," *Transworld*, 886 F. Supp. at 1139, the Court notes that the government is not a plaintiff in the civil action. This fact weighs against a stay because "there is no risk that the government will use the broad scope of civil discovery to obtain information for use in the criminal prosecution." *Wirth v. Taylor*, No. 2:09-CV-127 TS, 2011 WL 222323, at *2 (D. Utah Jan. 21, 2011) (unpublished) (citation omitted). Under these circumstances, this factor weighs somewhat in favor of granting a stay.

### B. Status of the Criminal Case

The United States of America indicted Janice Capener and Sunhills International, LLC on April 25, 2012. (Docket No. 1.) Criminal charges against Luo Jun and Zhejiang Hongchen Irrigation Equipment have already been resolved, (Docket Nos. 74, 77, 79) leaving Ms. Capener and Sunhills International, LLC as the remaining parties facing criminal charges. Thus, this factor weighs in favor of a stay as to Ms. Capener.

### C. Plaintiff's Interests

The Court notes that the civil case has been pending since July 2010, and Orbit has an interest in the "expeditious resolution" of its case. *Tibbs v. Vaughn*, No. 2:08-CV-787 TC-PW, 2012 WL 4480360, at *3 (D. Utah Sept. 28, 2012) (unpublished) (quoting *Hilda M. v. Brown*, No. 10-CV-02495, 2010 WL 5313755, at *5 (D. Colo. Dec. 20, 2010) (unpublished)). The

parties initially agreed to complete discovery by April 1, 2012. (*Orbit,* Docket No. 15.) Instead, Orbit amended its Complaint on April 26, 2012, (*Orbit,* Docket No. 38), adding Janice Capener as an individual defendant. The allegations relate to ongoing business harms that put Orbit at a significant disadvantage, should the allegations prove true, because of continuing business competition.[2] Courts have declined to stay civil proceedings where delay would prejudice the plaintiff's interests because of the defendant's continuing misconduct or history of hiding assets, or the plaintiff's chance of enforcing a judgment against the defendant is reduced. *See, e.g.*, *Fed. Trade Comm'n v. J.K. Publ'ns Inc.*, 99 F. Supp. 2d 1176, 1197 (C.D. Cal. 2000) (detailing history of hiding and attempting to dispose of assets); *Int'l Bus. Machs. Corp. v. Brown*, 857 F. Supp. 1384, 1391 (C.D. Cal. 1994) (noting risk of further depletion of assets to satisfy possible judgment with passage of time). Under these circumstances, faster resolution of the civil case either for or against Orbit, benefits Orbit in knowing how to proceed in its business dealings. While this Motion requests only the stay of Ms. Capener's deposition, she clearly is a central figure in the case and delay of her deposition would delay the case. Therefore, this factor weighs heavily against a stay.

### D. Defendant's Interests

The Court also takes into consideration the burden on the defendant in proceeding with parallel actions, in particular, Mr. Capener's Fifth Amendment rights. Ms. Capener has already provided testimony in related cases as noted. Where the defendant has already testified, allowing discovery to proceed will cause "little if any prejudice." *Wirth*, 2011 WL 222323, at *2; *see also Creative Consumer Concepts*, 563 F.3d at 1081; *Tibbs*, 2012 WL 4480360, at *3. Because Ms. Capener gave testimony on the issues in dispute previously, the burden of proceeding in parallel

---

[2] On the Defendants' side, the cloud of the allegations may also impose continuing business harms.

actions diminishes.  Furthermore, Janice Capener may still assert her Fifth Amendment privilege. *See e.g.*, *N. River Ins. Co. v. Stefanou*, 831 F.2d 484, 487 (4th Cir. 1987) (explaining requirement to assert Fifth Amendment privilege in civil litigation with particularity).  The Court would likely make better informed decisions on the invocation of the Fifth Amendment with actual questions and responses before it.  Under these circumstances, the Court does not have reason to believe Mr. Capener's criminal case will suffer substantial prejudice as a result of the deposition going forward in the civil matter.  Thus, this factor weighs against a stay of Janice Capener's deposition.

### E.  The Interests of the Courts and the Public

As to the remaining factors, the Court and the public not only have an interest in ensuring that the criminal prosecution proceeds speedily but also have "a strong interest in keeping litigation moving to conclusion without unnecessary delay." *Tibbs*, 2012 WL 4480360, at *3 (quotation omitted).  Furthermore, the public has an interest in not being misled in its purchasing. Expeditious resolution of matters alleging such misleading practices serves the public's interest in full information.

Considering the aforementioned factors, the Court does not consider a stay of Ms. Capener's deposition necessary because she has failed to show substantial prejudice to her rights. Therefore, the Court DENIES the Motion to Stay Deposition in Civil Proceeding.

SO ORDERED this 20th day of February, 2013

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge